**BARTHEL & BARTHEL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010

*Attorney for Plaintiff*
*Tiffany Gomez*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIFFANY GOMEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**CHOICE FINANCIAL GROUP AKA CURRENT; and BLOCK, INC.,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-l.

2. Tiffany Gomez ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Choice Financial Group a.k.a. Current ("Choice") and Block, Inc. ("Block") with regard to Defendants' refusal to return funds that were stolen from Plaintiff through an unauthorized transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by each Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of each Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

//

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1693.

9. This action arises out of Defendants' violations of Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq*.

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in Chino hills, California, from whom Defendants have refused to return stolen funds that were removed from Plaintiff's account without her authorization.

13. Choice is a corporation incorporated in the State of North Dakota, with its principal place of business in North Dakota.

14. Block, Inc. is a Delaware corporation with its offices and data center facilities are located in the San Francisco Bay Area.

## FACTUAL ALLEGATIONS

15. Plaintiff had a banking account with Choice Financial Group and a Cash App account with Block, Inc.

16. Cash App is a digital account that links to a consumer's bank account and allows for peer-to-peer payments. In addition to moving money from a consumer's bank account to the Cash App account of another consumer or business, Cash App also stores consumers' money in their Cash App account.

//

17. On or about March 23, 2022, Plaintiff's cousin asked if he could use her old phone to make a telephone call.

18. Unbeknownst to Plaintiff, Plaintiff's cousin had nefarious intentions. At some point in the time that he had Plaintiff's phone, this individual went into Plaintiff's Choice mobile application and made two unauthorized transfers, each worth $3,500. Each of these transfers were done through Choice's banking application which allows for peer-to-peer money transfers between Choice accounts.

19. This individual also transferred $800 out of Plaintiff's CashApp account.

20. When Plaintiff realized what had happened, she immediately flagged the transactions as being fraudulent with both Choice and Block.

21. On or about March 24, 2022, Plaintiff was notified by Block that "We're truly sorry, but were [*sic*] unable to recover your money. However, your report will help to prevent future scams. Thank you."

22. On April 12, 2022, Plaintiff called the Jurupa Valley Station of the Riverside County Sheriff's Department to report the incident. She was provided with Case No. EV221020052.

23. However, Plaintiff still had not received any response from Choice, so on or about April 15, 2022 and April 24, 2022, Plaintiff had calls with Choice's customer service where she again explained the unauthorized transaction and requested that her money be returned to her.

24. During communications with Choice, Plaintiff provided the information of the fraudsters and where her funds were transferred to, provided them with the address the fraudsters lived at, and sent Choice screenshots of their new accounts with Choice.

25. Despite it being months since she originally disputed the transactions, Plaintiff had not received any provisional credit or any investigation results.

//

26. On or about June 1, 2022, Plaintiff received notice from Choice that it was denying her claim.

27. Plaintiff immediately emailed Choice's customer service demanding that they provide a copy or reasons my dispute was denied. She also asked for the contact information for a superior that she could speak with.

28. Plaintiff never received a response to this request for the investigation.

29. As of the date of filing this complaint, Plaintiff has never had any of the stolen funds returned to her.

30. Upon information and belief, Choice and Block still have these funds in their possession.

31. This is a lot of money for Plaintiff, and it has been very stressful for her financially. Plaintiff has experienced anxiety, anger, frustration, and loss of sleep over losing this money and a feeling that she has been completely ignored by Defendants.

32. Since Plaintiff's efforts to be refunded the stolen money has been unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, *ET SEQ.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Electronic Fund Transfer Act ("EFTA") and Regulation E apply to electronic fund transfers that authorize a financial institution to debit or credit a consumer's account. 12 C.F.R. 1005.3(a).

35. The primary objective of EFTA is "the protection of individual consumers engaging in electronic fund transfers and remittance transfers." 12 C.F.R. §

1005.1(b).

36. Financial institutions have error resolution obligations pursuant to Regulation E in the event that a consumer notifies the financial institution of an error. 12 C.F.R. § 1005.11.

37. Plaintiff is a "consumer" pursuant to 12 C.F.R. § 1005.2(e).

38. The Defendants are each a "financial institution" pursuant to 12 C.F.R. § 1005.2(i), and a "person" pursuant to 12 C.F.R. § 1005.2(j).

### INVESTIGATION RESULTS

39. "If a financial institution, within sixty days after having transmitted to a consumer pursuant to [15 U.S.C. ] § 1693d(a), (c), or (d) of this title or notification pursuant to [15 U.S.C. ] § 1693(d) of this title, receives oral or written notice in which the consumer[:] (1) sets forth or otherwise enables the financial institution to identify the name and the account number of the consumer; (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to [15 U.S.C. ] § 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred," the financial institution is required to investigate the alleged error. 15 U.S.C. § 1693f(a).

40. After said investigation, the financial institution must determine whether an error has occurred and report or mail the results of such investigation and determination to the consumer within ten (10) business days. *Id*. If a financial institution provides a provisional credit in the first 10 days for the amount disputed, then the financial institution is afforded forty-five (45) days after receipt of notice of error to investigate. *Id*. § 1693f(c).

41. Pursuant to the EFTA, an error includes "an unauthorized electronic fund transfer." *Id*. § 1693f(f).

42. Unauthorized EFTs are EFTs from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 C.F.R. 1005.2(m).

43. An Electronic Fund Transfer ("EFT") is any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account. 12 C.F.R. 1005.3(b)(1). Accordingly, Regulation E applies to any P2P or mobile payment transactions that meet the definition of EFT. 12 C.R.F. 1005.3(b)(1)(v); *id*., Comment 3(b)(1)–1ii.

44. According to the CFPB and FDIC, when a third party fraudulently induces a consumer into sharing account access information that is used to initiate an EFT from the consumer's account, that transfer meets Regulation E's definition of an unauthorized EFT.

45. In particular, Comment 1005.2(m)–3 of Regulation E explains that an unauthorized EFT includes a transfer initiated by a person who obtained the access device from the consumer through robbery or fraud. As such, when a consumer is fraudulently induced into sharing account access information with a third party, and a third party uses that information to make an EFT from the consumer's account, the transfer is an unauthorized EFT under Regulation E.

46. The above-described transfers were unauthorized.

47. Plaintiff notified the Defendants of these errors within sixty (60) days of their appearances on Plaintiff's account.

48. Defendants did not complete its investigation or credit Plaintiff's account within 10 days of being notified of the dispute by Plaintiff. Therefore, Defendants violated 15 U.S.C. § 1693f.

49. After receiving notice of the unauthorized EFT on Plaintiff's account, Choice erroneously concluded that the unauthorized EFTs were valid.

50. As a direct and proximate result of the conduct of Choice, Plaintiff was unable to reclaim funds that were fraudulently taken from her account within the authorized period for error resolution.

51. Even worse, Block determined that the transfer was fraudulent, but still refused to limit Plaintiff's liability as required under 15 U.S.C. § 1693g.

52. Upon information and belief, Defendants knowingly and willfully failed to fulfill their obligations to investigate Plaintiff's unauthorized transactions and instead summarily concluded that the transfers of funds were not in error when such conclusions could not reasonably have been drawn from the evidence available to the financial institutions at the time of the investigation. 15 U.S.C. § 1693f(e)(2).

53. Upon information and belief, Defendants intentionally determined that the unwanted transfer of funds was not in error due to, at least in part, the Defendants' financial self-interest, i.e. to avoid their liability to Plaintiff for the unauthorized transfers pursuant to Regulation E.

54. Defendants' refusal to completely reverse or refund funds is a violation of 15 U.S.C. § 1693g.

## DEMAND FOR INVESTIGATION RESULTS

55. Pursuant to 15 U.S.C. § 1693f(d), if a financial institution determines after conducting an investigation that an error did not occur, it must, upon receipt of a request from the consumer, promptly deliver to the consumer reproductions of all documents with the financial institution relied on to conclude that such error did not occur.

56. As mentioned above, Plaintiff requested the investigation documentation, however, these documents were never provided to Plaintiff. Therefore, Choice violated 15 U.S.C. § 1693f(d).

57. As such, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); treble

damages pursuant to 15 U.S.C. § 1693f(e); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each respective defendant for:

- Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
- Statutory damages of $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- Treble damages pursuant to 15 U.S.C. § 1693f(e);
- Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3); and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

102. Pursuant to the United States' Constitution, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 10 March 2023

Respectfully submitted,

**BARTHEL & BARTHEL, APC**

By: /s/ Nicholas Barthel
NICHOLAS R. BARTHEL, ESQ
ATTORNEY FOR PLAINTIFF